W. R. HAIGHT ET AL., DEFENDANTS IN ERROR, v. F. J. STUART ET AL., PLAINTIFFS IN ERROR.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

**1.—Appeal and Error—Judgment of Affirmance Held Nullity.** Since, under express terms of Laws 1921, p. 266 (concerning voluntary dissolution of private corporations), no appeal lies from a judgment of dissolution, affirmance of such judgment in appellate court was a nullity, and no further consideration should be given thereto in considering subsequent writ of error.

**2.—Pleading—Demurrer—Allegations of Petition Accepted as True on Demurrer.** Allegations of petition for dissolution of bank must be accepted as true on demurrer.

**3.—Banks and Banking—Dissolution—Solvent Banks in Failing Condition —May Dissolve Under General Law.** Under State Banking Act (sections

11673-11788, Revised Statutes, 1919), a bank which is solvent, although in a failing condition, has authority to liquidate its own affairs and pay off its depositors and creditors, at least when so directed by the state banking commissioner, and after having done so, may dissolve under the general law applicable to private corporations (section 9756, Revised Statutes of 1919).

4.—Same—Dissolution—Solvent Bank in Failing Condition—Petition of Directors or Managing Officers. Under Section 9756, Revised Statutes of 1919, as amended by Laws 1921, p. 264, section 1, and section 9757, a bank in a failing condition may be dissolved on duly verified petition of directors· or other managing officers, as well as by action of stockholders.

---

*Corpus Juris-Cyc. References: Appeal and Eerror, 4CJ, p. 1093, n. 77. Banks and Banking, 7CJ, p. 721, n. 17; p. 722, n. 26 New. Pleading, 31Cyc, p. 333, n. 76.

Writ of Error to the Circuit Court of Howell County.—Hon. E. P. Dorris, Judge.

AFFIRMED.

*J. N. Burroughs,* of West Plains, for plaintiffs in error.

*O. L. Haydon,* of West Plains, for defendants in error.

BAILEY, J.—Defendants in error filed an application to dissolve the Brandsville State Bank at the October Term, 1924, of the Howell county circuit court, and plaintiffs in error were made defendants therein. The petition for dissolution alleges, among other things, that the Brandsville State Bank was, on the 16th day of January, 1912, duly incorporated under the laws of Missouri, with a capital stock of $10,000 divided into 100 shares of the par value of $100 each; that plaintiffs and defendants constitute all the shareholders; that W. R. Haight, Amy R. Haight, S. G. Ramsey, Charles V. Lewis and George Hilton constitute the board of directors. The petition further sets forth the amount of the outstanding obligations, an inventory of all assets, including furnishings, office fixtures, bills receivable and cash. It then alleges as follows:

"Your petitioners say and aver that the Brandsville State Bank has been running at a loss for several years, that as far back as December, 1921, the then state bank commissioner, J. H. Hughes, found from the bank's report to his office that its capital stock had been impaired in excess of $1500, and that such condition could not be permitted to exist, and later directed the officers of said bank to pay off its depositors before January 1, 1923, and the board of directors of said Brandsville State Bank found as a matter of fact that owing to the prior discontinuing of several of the industries in its vicinity upon which it had largely depended for business, that its

necessary expenses were exceeding its income which with its losses had impaired its capital stock, and concluded that the value of the shares of stock of said corporation had been so reduced by losses and otherwise, as not to afford sufficient security to those who might deal with said corporation, and that the value of the property and effects of said corporation had been so far reduced by losses as not to afford sufficient security to those who might deal with said corporation, and for the reasons aforesaid *the board of directors of said corporation did on December* 14, 1922, *adopt a resolution authorizing the officers of said corporation and directing them at that time to pay off all of its depositors and to proceed to the winding up of the business of the said bank to the end that its assets might be liquidated and the corporation dissolved;* (italics ours) in pursuance of all of which the officers of said corporation, did in the month of December, 1922, pay each and all of its depositors in full and all other claims and demands of whatsoever kind and character, and then and there proceeding the payment of said depositors cause said corporation to cease to do the business for which it was organized, and has continued to refrain from doing any banking business since that time.

"Wherefore, your petitioners say and aver that the value of the shares of stock of said Brandsville State Bank has become, and is at the filing of this petition so far impaired as not to afford sufficient security under the law, to those who might deal with said corporation.

"That the value of its property and effects and assets as a whole have become and are at the filing of this petition so far reduced in value by losses incident to the conducting of the business of an unprofitable business undertaking, so as not to afford sufficient security to those who may deal with said corporation."

The petition then prays that defendants be summoned, as required by section 9758, Revised Statutes 1919, and that the corporation be dissolved by decree of court. The petition is duly verified by affidavit of each plaintiff, one of whom purports to be president and another secretary of the board of directors of said bank. Defendant (plaintiffs in error here) demurred to the petitions on four grounds, as follows:

(1)   That the petition did not state facts which would warrant the court in entering order of dissolution.

(2)   That the circuit court has no power to dissolve a bank except through the State Bank Department and attorney-general of the State.

(3)   That the petition does not state the bank was insolvent or that the stockholders assented to such dissolution as required by law.

(4)   That the petition fails to state a cause of action.

The demurrer was overruled, to which ruling defendants excepted and refused to plead further. The trial court thereupon proceeded to hear the evidence and, after making a finding of facts sustaining

all the allegations of the petition, ordered and adjudged, "That. the Brandsville State Bank, a corporation, be and it is in all things hereby disincorporated and dissolved, and it is further ordered by the court that the president of and board of directors of said corporation, viz: W. R. Haight, Amy R. Haight, S. G. Ramsey, George Hilton, Charles H. V. Lewis, directors, W. R. Haight, being president, and Charles H. V. Lewis, secretary, of said board of directors, and said Lewis being also cashier, be, and they are designated as a board of trustees of said corporation, and directed to take charge of its assets with full power to sell its property and settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money. and property will enable. them; to sue for and recover such debts and property by the name of the trustees of such corporation, describing them by its corporate name and may be sued by the same name, and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that have come into their hands."

From that part of this judgment appointing the board of directors as receivers an appeal was taken to this court, and, thereafter, on motion of respondents, the judgment was affirmed for failure to comply with the rules. As no appeal lies from a judgment of dissolution we consider that judgment of affirmance a nullity and no further consideration should be given thereto. [Laws of Missouri, 1921, p. 266.]

Plaintiffs in error (defendants below) are now in this court on writ of error. In considering the demurrer but two questions are presented for our consideration. It is first contended that the petition is wholly defective because, under the State Banking Laws, there is no power or authority in the officers of a bank to wind up its affairs and procure a dissolution; that the three methods provided by our banking statutes are exclusive and a bank can only be dissolved (1) by unanimous action of the stockholders when the articles of incorporation so provides; (2) by action of the attorney-general at the instance of the bank commissioner; (3) when the action is taken by the bank commissioner himself.

It is conceded that the application for dissolution in the instant case is brought under the general law applicable to private corporations. [Sec. 9756, R. S. 1919.] It follows, therefore, that if the statutes for dissolution of banks as provided in articles 1 & 2, chapter 108, Revised Statutes 1919, are exclusive, the demurrer should have been sustained. In Koch v. Missouri Lincoln Trust Company, 181 S. W. 44, cited by plaintiffs in error, it was held the act establishing a state banking department constituted an exclusive method for winding-

220 M. A.—6.

ing up the affairs of *insolvent* banks. The Supreme Court very lucidly explains the purport of that statute with reference to an attempt on the part of stockholders to have a receiver appointed to wind up the affairs of a bank, using this language:

"The act provides in minute detail for the examination and supervision of the institutions enumerated, and prescribes at length the method to be followed by the bank commissioner upon the discovery of improper practices or insolvency in any of such institutions and imposes upon him a positive duty to cause proceedings for the appointment of a receiver to be instituted in all cases in which the condition of the institution warrants such appointment. The act also requires the receiver appointed to make reports to the bank commissioner, and authorizes the commissioner to make examination of institutions in the hands of receivers and report the results to the court having jurisdiction of the matter. It also makes it the duty of any such institution, finding itself insolvent, to place itself in the hands of the bank commissioner. This is a sufficient epitomization of the act to show that it is, and was intended to be, a complete scheme and system for winding up the affairs of *insolvent banks and trust companies in the condition described in the act*. (Italics ours.) The fact that the statutory method is complete, and that the act specifically declares its purpose to be the establishment of a state banking department, 'which shall have charge of the execution of all laws relating to banks, private banks, trust companies,' etc., necessitates the conclusion that the statutory method is exclusive, and proceedings for receiverships of such institutions must pursue the statutory method."

Plaintiffs in error contend the decision in the Koch case is authority for the proposition that the banking act is the exclusive law under which a banking corporation may be dissolved, no matter what the condition of the bank may be. We do not so understand that decision. The portion of the opinion quoted, which is shown in italics, indicates the court had in mind "insolvent banks and trust companies in the condition described in the act." Banks or trust companies "in the condition described in the act" are those of which the bank commissioner may take charge because of insolvency or because an examination may indicate continuation in business will seriously jeopardize the safety of the depositors. In the case of Citizens Trust Co. v. Tindle, 272 Mo. 681, 199 S. W. 1026, which was decided after the Koch case, our Supreme Court held that section 11701 of the banking act did not prevent a bank from liquidating its own affairs and wind up its business through the agency of another bank. The Supreme Court said: "The prohibition contained in this section is limited to such banks as 'find themselves in a failing condition.' This limitation if not expressed in its terms is indicative of a legislative

purpose to prohibit insolvent banks from liquidating their business under the general law authorizing voluntary assignments for the benefit of creditors and to confine them, *not exclusively* (italics ours) but for the purpose indicated in section 1064, (No. sec. 11701, R. S. 1919), to the jurisdiction of the State Banking Department.———— Thus construed, the act, instead of prohibiting, encourages creditors and stockholders, combining and contributing their aid for the benefit of all, and acting through an agency, appropriate and effective for that purpose, to liquidate a bank's affairs and retire it from business.'' This decision indicates the Banking Act is not an exclusive code to which banks must resort, no matter what their condition, in the event dissolution may be desired.

The petition in the instant case alleges that the state banking commissioner directed the officers of the bank to pay off its depositors before January 1, 1923, and that losses had impaired the capital stock of said corporation until it did not afford sufficient security to those who might deal with said corporation and for the reasons stated, the board of directors adopted a resolution directing the officers to pay off the depositors and liquidate and dissolve the corporation, which was accordingly done. The allegations of the petition, which we must accept as true in considering this demurrer, indicate the liquidation of the bank's affairs in the matter alleged was precipitated by an order of the state banking commissioner and with his sanction. Considering the Koch case (supra) and in the light of the Citizens Trust Company case (supra) we hold that a bank which is solvent, although in a failing condition, has authority to liquidate its own affairs and pay off its depositors and creditors, at least when so directed by the state banking commissioner as in this case. This is in harmony with the spirit of the State Banking Act as we interpret it. After the depositors and creditors have been paid, and the bank has closed its doors, there is nothing pertaining to the final dissolution of the corporation which should require action from the banking commissioner. The whole purpose of the act was to secure honest and economical administration of the assets of the bank and the Trust Company case (supra) so holds. That purpose having been fulfilled under orders from the banking commissioner, the bank should have authority to secure dissolution in the most expeditious and inexpensive way possible. Changing possession merely for the purpose of dissolution would necessarily entail additional expense and serve no useful purpose. Under the facts alleged in the petition we therefore rule against plaintiffs in error on this point.

It is further urged that defendants in error have failed to state a cause of action even under the general law applicable to the dissolution of private corporations. Section 9756, Revised Statutes 1919, as amended by the Laws of 1921, page 264, provides that

"Whenever the directors or other officers having the management of the concerns of any private corporation organized under the laws of this State, or the holders of a majority in amount of the issues and outstanding shares of stock of such corporation, shall conclude that the stock, property and effects of such corporation have been so far reduced by losses or otherwise, that it will not be able to pay all just demands against same or to afford security to those who may deal with such corporation . . . such corporation may be dissolved by a judgment of the circuit court etc." Section 9757, Revised Statutes 1919, provides that "Application for such dissolution shall be made by petition, verified by the president and secretary or by a majority of the directors, etc." Plaintiffs in error contend that section 9756 requires the action of the stockholders to work dissolution. To adopt this theory, it would seem necessary to ignore the plain wording of the statute which not only permits such action to be taken by stockholders in various ways, but in express terms permits the dissolution "whenever the directors or other officers having the management" conclude that the affairs of the corporation have been so reduced that it will not be able to pay its just demands. The petition follows the exact wording of the statute and is properly verified. Plaintiffs in error rely upon the case of Luerhman v. Lincoln Trust and Title Company, 192 S. W. 1031, as holding that action of the stockholders is necessary to work dissolution under section 9756. In that case an attempt was made by a majority of the stockholders to dissolve a trust company by resolution. The court points out that the stockholders cannot dissolve a corporation by resolution but only adopt a resolution favoring dissolution, which constitutes the first step in procuring a decree of dissolution. As we view that decision, the court was considering the facts in the particular case before it and therefore held that the action of the stockholders was first necessary because the facts in the case involved acts of stockholders. The court did not have for consideration a case in which the board of directors had acted in favor of dissolution. The statute so clearly permits the board of directors or managing officers to start proceedings for dissolution when the corporation is in failing condition as to permit of no question. We, therefore, believe the judgment should be affirmed. It is so ordered.

*Cox, P. J.*, and *Bradley, J.*, concur.